# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 04-2879

TERRY E. GRIMM, ROGER H. CURRY,
EDGAR F. GREATHOUSE, ET AL.,

*Plaintiffs-Appellants*,

v.

ALRO STEEL CORPORATION,

*Defendant-Appellee.*

———————

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 02 C 585—**Robert L. Miller, Jr.**, *Chief Judge.*

———————

ARGUED MAY 2, 2005—DECIDED JUNE 7, 2005

———————

Before BAUER, EASTERBROOK, and EVANS, *Circuit Judges.*

EVANS, *Circuit Judge.* Alro Steel Corporation distributes steel, specialty metals, industrial supplies, and plastics. This case arises out of the company's decision to close its plant in South Bend, Indiana, in 2001, terminating the jobs of 26 warehousemen who worked there. Twelve of those

workers claim the decision to let them go was motivated, at least in part, by their age.[1]

The closing of the South Bend plant came about as part of a larger company restructuring. In 1999, Alro bought land to build a new facility in Niles, Michigan. Although it originally intended the Niles plant to provide additional capacity for the South Bend plant and a facility in Benton Harbor, Michigan, declining sales led Alro to close both of the existing plants. All 16 of the Benton Harbor warehouse employees, who were members of Teamsters Union Local 7, were given the opportunity to transfer to the Niles plant, where they would continue to be represented by Teamsters Local 7.

In early July 2001, Alro notified the plaintiffs, who were members of Teamsters Union Local 364, and other South Bend warehouse workers of its intent to close that plant and terminate their employment, which it did on July 27. The situation moved the plaintiffs to file age discrimination charges with the Equal Employment Opportunity Commission. Eventually, they filed this suit, claiming that Alro violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 *et seq.* The district court granted summary judgment in Alro's favor, and the plaintiffs appeal.

We review the district court's grant of summary judgment *de novo*, viewing all facts and drawing all reasonable inferences in the plaintiffs' favor. *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491-92 (7th Cir. 2000). Summary judgment is appropriate if there is no genuine issue as to any material

---

[1] Thirteen workers initially filed suit, but one dropped his case. The remaining plaintiffs are: Terry Grimm, Roger Curry, Edgar Greathouse, William Bauer, Randy Clemens, William Howell, Charles Moore, David Pietrzak, Terry Stephenson, James Teske, Kenneth Wharton, and Andrew Zurawski.

fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

A plaintiff can prove discrimination under the ADEA by presenting direct or circumstantial evidence that an employer took an adverse job action against him because of his age. An employee can also use the indirect burden-shifting approach set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973), proving discrimination "by constructing a 'convincing mosaic' of circumstantial evidence that 'allows a jury to infer intentional discrimination by the decisionmaker.'" *Cerutti v. BASF Corp.*, 349 F.3d 1055, 1060-61 (7th Cir. 2003) (quoting *Troupe v. May Dep't Stores Co.*, 20 F.3d 734, 736 (7th Cir. 1994)).

The plaintiffs initially claimed to have sufficient evidence to support their claims under both methods. They first pointed to an admission by Dave Zontek, vice-president of human resources at Alro, that he asked about the seniority of three South Bend workers being considered for transfers to the Niles plant. The district court found that this inquiry was not sufficient evidence of age discrimination.

On appeal, the plaintiffs focus almost solely on the *McDonnell Douglas* analysis, which, as we have said many times, requires employees claiming a violation of the ADEA to show that: (1) they are members of a protected class; (2) they were meeting the employer's legitimate expectations; (3) they were discharged and not rehired or promoted as a result of the employer's reorganization; and (4) the employer treated younger, similarly situated employees more favorably. *Cerutti*, 349 F.3d at 1061. If the employee can meet that burden and establish a *prima facie* case, the burden shifts to the employer to produce a legitimate, nondiscriminatory reason for its adverse employment decision. That shifts the burden back to the employee to

present evidence sufficient to enable a fact finder to find that the employer's explanation is pretextual. *Id.*

While acknowledging that the plaintiffs here are members of a protected class and were discharged and not rehired, the district court found that the plaintiffs failed to establish a *prima facie* case because they did not show that they were meeting Alro's legitimate expectations or that Alro treated younger, similarly situated employees more favorably.

On the legitimate expectations issue, the district court highlighted the statistical evidence showing that the South Bend plant was one of Alro's least productive operations. The plaintiffs argue that they had few recorded disciplinary problems and that summaries of a plant's performance do not necessarily speak to the performance of the individual plaintiffs. They also cite the testimony of Brian Hoggatt, a shift supervisor at the plant, who said that all of the plaintiffs were competent.

We agree with the district court's conclusion that the plaintiffs' evidence was weak. At this stage, however, the evidence does not have to be very strong to be sufficient, and Alro's contention that the plaintiffs were not meeting legitimate expectations is undermined by the fact that the company took little action to address the plant's lack of productivity for several years before closing it.

Ultimately, though, we need not determine whether the plaintiffs adequately demonstrated that they were meeting Alro's legitimate expectations because the district court correctly concluded that they did not show that Alro treated younger, similarly situated employees more favorably. The district court acknowledged that the duties performed by the new employees at the Niles plant were almost identical to those performed by the plaintiffs, as we have required. *See Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 693 (7th Cir. 2000). But the district court also noted that, while the plaintiffs could show that, as a group, the

warehousemen hired to replace them were younger, none of the individual plaintiffs provided sufficient evidence to show that he personally was replaced by a substantially younger worker.

The plaintiffs argue that forcing each worker to figure out who replaced him is not always possible and, as a result, such a standard would allow employers to get around discrimination laws by firing and replacing employees in groups instead of one at a time. While the plaintiffs' argument might be persuasive in a different situation, it is not altogether relevant here. That's because, as the district court noted, the relevant similarly situated workers are not the workers' replacements but the five warehousemen at the South Bend plant who were under 40. None of those five (four of whom were under age 25) were invited to remain with Alro after the closing of the South Bend plant. In other words, the young workers were treated exactly like the older workers—all were let go.

Although *McDonnell-Douglas* provides an appropriate framework, the ultimate question in an ADEA case like this is whether Alro would have treated the plaintiffs any differently if they were younger. *See Cerutti*, 349 F.3d at 1061. On that larger question, the evidence overwhelmingly suggests that it would not have. Once Alro decided on its reorganization plan, it had to decide where to get the warehouse workers for the Niles plant. Alro decided to offer transfers to the Benton Harbor warehouse workers, nine of whom were over the age of 40, and to hire new workers, seven of whom were older than 40. And there is no evidence to contradict Alro's claim that its decision to transfer and hire those workers, and not the South Bend workers, was made in large part because of Alro's relationship with the unions representing the workers at the Benton Harbor and

South Bend plants.[2] Whatever the propriety of basing its decisions on the workers' representation, no reasonable jury could find that age of the plaintiffs was a motiving factor in Alro's choices. Accordingly, the judgment of the district court is AFFIRMED.

A true Copy:

      Teste:

                         _____

                         *Clerk of the United States Court of Appeals for the Seventh Circuit*

---

[2] Although the decisions made in the course of the restructuring arguably had a disproportionate effect on the older warehouse workers, the plaintiffs admitted at oral argument that they had little evidence to support a disparate impact claim.

---